UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JOSEPH DUNGAN AND JILL DUNGAN,**

    Plaintiffs,

                                    Case No. 10-14549

v.

                                    HONORABLE DENISE PAGE HOOD

**CHASE HOME FINANCE LLC,**

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS
## AND NOTICE OF SCHEDULING CONFERENCE

**I.    BACKGROUND**

On November 15, 2010, Defendant JP Morgan Chase Bank, N.A. ("Chase"), removed the Complaint filed by Plaintiffs Joseph and Jill Dungan ("Dungans") to this Court from the Macomb County Circuit Court, State of Michigan. Chase claims it was improperly sued as Chase Home Finance LLC. Chase is an acquirer of certain assets and liabilities of Washington Mutual Bank ("WAMU") from the Federal Deposit Insurance Corporation ("FDIC"), and is acting as the receiver of those assets. (Notice of Removal, p. 1)

The Dungans brought the action to set aside a foreclosure sale. They reside at 23142 Talbot, Clinton Township, Michigan. (Comp., ¶ 1) WAMU, who is not a party of this action, is the originating lender of the promissory note and mortgage at issue. (Comp., ¶ 3) The Dungans refinanced their home on July 28, 2003 and WAMU was the lender. (Comp, ¶¶ 5, 7-8) WAMU was seized by the FDIC on September 25, 2008 and the Dungans' loan was sold to Chase. (Comp., ¶¶ 9-10)

The Dungans claim that Chase has not filed a notice of transfer, sale or assignment in the

Macomb County Register of Deeds and has not indicated the chain of title for the subject property. (Comp., ¶ 11) On March 12, 2010, Orlans Associates, P.C., an agent for Chase, attempted to deliver to the Dungans a notice of foreclosure sale, which was returned to the United States Post Office. (Comp., ¶¶ 12-13) There was no notice of foreclosure on the Dungans' property. (Comp., ¶ 14) A foreclosure sheriff's sale was scheduled and held on April 16, 2010 but the Dungans were not aware of the sale and were only informed by a real estate agent inquiring about the status of the property. (Comp., ¶¶ 15-16)

The Dungans filed the instant Complaint on October 15, 2010 alleging: Wrongful Foreclosure, Failure to Adhere to M.C.L. § 600.3204 (Count I); Set Aside Sheriff's Sale (Count 2); Void or Cancel Sheriff's Deed Upon Sale Against Foreclosing Defendants (Count 3); Negligence (Count 4); and, Quiet Title (Count 5). In lieu of an Answer, Chase filed the instant Motion to Dismiss. A response, reply and sur-reply have been filed.

## II. ANALYSIS

### A. Motion to Dismiss Standard of Review

Rule 12(b)(1) of the Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. S*ee, RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in light most favorable to the non-moving party. *Id.* Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear

the case." *Id.* In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009). In sum,

3

for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### B. Standing

Chase asserts that the Complaint must be dismissed for lack of standing because the statutory redemption period has expired. The Dungans argue that they have standing because they have title to the property and the Sheriff's Sale was improper, therefore, the redemption period has yet to run. The Dungans claim that Chase has failed to establish that it complied with Michigan's foreclosure by advertisement statute because Chase did not record its interest prior to the Sheriff's Sale. The Dungans agree that Chase properly acquired all rights of WAMU to the purchase agreement. (Sur-Rep., p. 2) The Dungans do not agree that Chase's reliance on 12 U.S.C. § 1821(d)(2)(G)(i)(II) for the proposition that Chase does not have to comply with Michigan's foreclosure by advertisement statute since this statute only governs Chase's rights as to the "transfer" of the purchase agreement and does not govern as to whether Chase complied with Michigan's foreclosure by advertisement statute.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of*

*Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987).  Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies."  In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision.  *Lujan*, 504 U.S. at 560-61.  "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity."  *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished.  *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished).  The foreclosure by advertisement statute in Michigan, M.C.L. 600.3204(3) states:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist **prior to the date of sale** under section 3216 evidencing the assignment of the mortgage to the party foreclosing the mortgage.

M.C.L. 600.3204(3) (emphasis added).

The Complaint alleges that "the foreclosing party, failed to file in the Macomb County Register of Deeds a notice of transfer, sale, or assignment."  Chase admits to being the foreclosing party in this case.  (Notice of Removal, p. 5; Chase's Br., p. 3, n. 6)  There is nothing submitted by Chase showing that Chase filed a record of any assignment of the mortgage with the Register of

5

Deeds prior to the Sheriff's Sale date.  The only issue then before the Court is whether Chase (or its agents) must have first complied with the statute before going forward with the Sheriff's Sale.

Chase does not argue that the statute is ambiguous.  Chase argues that because its purchase of the WAMU assets from the FDIC was not a "traditional assignment", Chase need not record the purchase as required by the statute.  Case claims its right to purchase under the Agreement with the FDIC is subject to 12 U.S.C. § 1821(d)(2)(G)(i)(II) which provides that "transfer of any asset without any approval, assignment, or consent with respect to such transfer."  The Dungans agree that Chase properly obtained the rights to the Note and Mortgage from the FDIC.  The Dungans assert that the FDIC statute at issue only relates to the "transfer" of the asset from the FDIC to Chase and not to the requirement under the Michigan statute to record the transfer.

The Agreement at issue states that the FDIC, as the Receiver "hereby sells, *assigns*, transfers, conveys, and delivers to [Chase], all right, title and interest of the Receiver ..."  (Motion, Ex. D, Agreement, Art. 3.1)  Based on this language any rights the Receiver had were assigned to Chase.  Chase was not the original mortgagee, as it admits.  Under the Michigan foreclosure by advertisement statute, it expressly notes that the foreclosing party must record the assignment.  Chase has not shown that it recorded the assignment.  Chase submits that the Michigan Attorney General Opinion No. 7147 (Jan. 9, 2004) supports its position that Chase is not required to record the assignment prior to foreclosure proceedings.  The facts and issues raised in the Michigan Attorney General Opinion do not involve an assignment effected by operation of law involving 12 U.S.C. § 1821.  The quoted portion of a Macomb County case cited by Chase merely quotes the portion of the Attorney General's Opinion citing the Michigan Land Title Standard 16.2.  *Kim v. JP Morgan Chase bank,* Case No. 2009-5347-H (Jan. 25, 2001, Macomb County Circuit Court).  The

6

Macomb County case and the Attorney General's Opinion provide no analysis as to the reasons why assignments by operation of law are exempted from the recording requirements of M.C.L. 600.3204(3).

The opinion issued by the Honorable Avern Cohn cited by Chase also does not support its position that it was not required to record the assignment. *See Shnell v. Washington Mutual Bank,* Case No. 09-10216, 2009 WL 464908 (E.D. Mich. Dec. 8, 2009). In *Shnell,* Chase recorded its mortgage interest three years prior to a quitclaim deed filed by the plaintiff. *Id.* at *2. The issue in *Shnell* is not the same as the issue in this case where the allegation is that Chase failed to record the assignment prior to proceeding with the foreclosure proceedings. At this juncture of the litigation, the Dungans have shown that they have standing in this case. If it is later found definitively that Chase must "do over" the foreclosure proceeding, the redemption period will not have expired.

Given that the above analysis governs Chases' arguments as to dismissal of the claims, the motion must be denied as to Counts 1 (Wrongful Foreclosure); Count 2 (Set Aside Sheriff's Sale); Count 3 (Void Sheriff's Sale); and Count 5 (Quiet Title). These Counts are viable given that Plaintiffs have shown standing and there is an allegation that Chase failed to follow Michigan's foreclosure by advertisement statute.

### C.    Negligence

As to the negligence claim, Count 4, which is essentially a breach of contract claim, Michigan courts have held that a lender has no legal duty to exercise reasonable care as to the eligibility of loans. *Ulrich v. Federal Land Bank of St. Paul,* 480 N.W.2d 910 (Mich. Ct. App. 1991). The Dungans' argument that Chase was negligent in failing to follow the statute is without merit since their negligence claim alleges that Chase was negligent as to the contract at issue. The

7

Dungans did not allege a negligence claim as to whether or not Chase followed the statute at issue. The Dungans failed to state a claim of negligence against Chase.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(Doc. No. 4, filed 11/22/2010)** is DENIED as to all Counts, except as to Count 4, the negligence claim. The Motion to Dismiss is GRANTED as to Count 4.

IT IS FURTHER ORDERED that Defendant file an Answer within 14 days from the entry of this Order.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, September 12, 2011, 2:15 p.m.**

                                            s/Denise Page Hood
                                            United States District Judge

Dated: August 4, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2011, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager