**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH DUNGAN and JILL DUNGAN,

      Plaintiff,                  Civil Action No. 10-14549

v.                              HONORABLE DENISE PAGE HOOD

CHASE HOME FINANCE, LLC,

      Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**
**and DENYING WITHOUT PREJUDICE ALTERNATIVE**
**MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY**

**I.    MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant Chase Home Finance, LLC's a Motion for

Reconsideration of this Court's August 4, 2011 Order denying Chase's Motion to Dismiss.

The Local Rules of the Eastern District of Michigan provide that any motion for

reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR

7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court

orders otherwise.  E.D. Mich. LR 7.1(h)(2).  Chase's motion is timely filed.  The Local Rule further

states:

> (3)  **Grounds**.  Generally, and without restricting the court's
> discretion, the court will not grant motions for rehearing or
> reconsideration that merely present the same issues ruled upon by the
> court, either expressly or by reasonable implication.  The movant
> must not only demonstrate a palpable defect by which the court and
> the parties and other persons entitled to be heard on the motion have
> been misled but also show that correcting the defect will result in a
> different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments,

or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).  A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest or plain.  *United States v. Lockett,* 328 F.Supp.2d 682, 684 (E.D. Mich. 2004).  A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication" will not be granted.  *Czajkowski v. Tindall & Assoc.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997); E.D. Mich. LR 7.1(h)(3).  A court need not address every case cited by a party.  *See Alley v. Bell,* 101 F.Supp. 2d 588, 671-72 (W.D. Tenn. 2000).

Chase's Motion for Reconsideration rehashes its arguments raised in its Motion to Dismiss. Chase reargues that because it acquired the Mortgage at issue subject to an Agreement with the Federal Deposit Insurance Corporation ("FDIC") that Chase is not subject to the recording requirements under M.C.L. § 600.3204.  Chase claims that this Court did not properly analyze *Schnell v. Washington Mut. Bank,* 2009 WL 464908 (E.D. Mich. Dec. 8, 2009) and *Winiemko v. GE Capital Mortgage Serv., Inc.,* 1997 WL 33354482 (Mich. App. Jan. 17, 1997).  The Court addressed the *Schnell* case in its opinion.  Chase does not agree with the Court's conclusion.

As to the *Winiemko* case, Chase cited this 1997 case in its Reply brief, not in its initial Motion.  The *Winiemko* case was submitted by Chase for the proposition that because Chase acquired the Mortgage at issue subject to an Agreement with the FDIC, it did not have to follow the requirements under M.C.L. § 600.3204.  In the *Winiemko* case, the defendant purchased the capital stock of the original mortgage company and the court concluded that there was no assignment of the mortgage since the defendant in that case changed the corporate identity of the original mortgage

2

holder.  The *Winiemko* case did not involve an FDIC assignment.  No capital stock purchase was made of WAMU by Chase in the instant case.  This Court concluded in its Order, M.C.L. § 600.3204 requires a foreclosing party to record a chain of title prior to the date of the sale.  None of the cases cited by Chase supports its argument that Chase is not required to comply with the statute.  At this juncture of the litigation, under Fed. R. Civ. P. 12(b)(6), the Dungans have stated a claim upon which relief may be granted.  Chase's motion for reconsideration presents the same issues already ruled upon by the Court, either expressly or by reasonable implication.

**II.      MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Alternatively, Chase seeks certification for interlocutory appeal.

The general rule is that the court of appeals may only review final orders issued  by the district court under 28 U.S.C. § 1291.  Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review set forth in § 1291.  Section 1292 (b) is to be used sparingly.  *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993).  The express language of 28 U.S.C. § 1292(b) requires that the district court must find that an order involves a controlling question of law about which there is substantial ground for difference of opinion and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The Sixth Circuit has set forth four elements to establish certification: 1) the question involved must be one of "law"; 2) it must be "controlling"; 3) there must be substantial ground for "difference of opinion" about it; and 4) an immediate appeal must materially advance the ultimate termination of the litigation.  *Vitols,* 984 F.2d at 170.  A "substantial ground" exists when: 1) the issue is difficult and of first impression; 2) a difference of opinion exists within the controlling circuit; or 3) the circuits are split on the issue.  *West Tenn. Chapter of Assoc. Builders &*

3

*Contractors, Inc. v. City of Memphis*, 188 F.Supp.2d 1015, 1019 (W.D. Tenn. 2000).

Because Chase sought interlocutory appeal in its Motion for Reconsideration, the Dungans did not have the opportunity to respond to the motion. The Local Rule provides "[n]o response to the motion and no oral argument thereon shall be allowed unless the Court orders otherwise." E.D. Mich. LR 7.1(h)(2). The Court denies without prejudice Chase's request to certify the case for interlocutory appeal subject to the Dungans' response to this issue.

## III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Reconsideration of Order Denying Motion to Dismiss or to Certify the Order for Interlocutory Appeal and for a Stay of Proceedings **(Doc. No. 16, filed 8/18/11)** is DENIED as to the Reconsideration portion of the motion and DENIED without prejudice as to the Certification for Interlocutory Appeal and for a Stay of Proceedings portion of the motion.

s/Denise Page Hood
United States District Judge

Dated:  October 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4