UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH DUNGAN and JILL DUNGAN,

    Plaintiff,                         Civil Action No. 10-14549

v.                                     HONORABLE DENISE PAGE HOOD

CHASE HOME FINANCE, LLC,

    Defendant.
_____/

**ORDER DENYING RENEWED MOTION TO CERTIFY ORDER
FOR INTERLOCUTORY APPEAL AND FOR A STAY OF PROCEEDINGS**

This matter is before the Court on Defendant Chase Home Finance, LLC's ("Chase") Renewed Motion to Certify Order for Interlocutory Appeal and for a Stay of Proceedings filed November 16, 2011. On October 7, 2011, the Court entered an Order denying Chase's request to certify the case for an interlocutory appeal without prejudice finding that the motion was filed improperly with Chase's Motion for Reconsideration and not in a separate motion. (10/7/2011 Order, p. 4)

The general rule is that the court of appeals may only review final orders issued by the district court under 28 U.S.C. § 1291. Interlocutory appeals under § 1292(b) are an exception to the general policy against piecemeal appellate review set forth in § 1291. Section 1292 (b) is to be used sparingly. *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993). The express language of 28 U.S.C. § 1292(b) requires that the district court must find that an order involves a controlling question of law about which there is substantial ground for difference of opinion and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit has set forth four elements to establish certification: 1) the

question involved must be one of "law"; 2) it must be "controlling"; 3) there must be substantial ground for "difference of opinion" about it; and, 4) an immediate appeal must materially advance the ultimate termination of the litigation. *Vitols,* 984 F.2d at 170. A "substantial ground" exists when: 1) the issue is difficult and of first impression; 2) a difference of opinion exists within the controlling circuit; or 3) the circuits are split on the issue. *West Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis,* 188 F.Supp.2d 1015, 1019 (W.D. Tenn. 2000).

As to the first element, the Court finds that the question involved is not purely one of "law." As the Dungans argue, Chase did not properly raise its argument regarding the Financial Institutions Reforms, Recover, and Enforcement Act of 1989 ("FIRREA") that the Federal Deposit Insurance Corporation, acting as Receiver ("FDIC-R"), was not exempted from filing an assignment in general. The issue before the Court based on Chase's Motion to Dismiss under Rule 12(b)(1) or (6) of the Rules of Civil Procedure, was whether the FDIC-R was required to *record* evidence of its ownership of the indebtedness prior to foreclosing by advertisement in Michigan. In addition, given that the Dungans dispute the underlying facts of the transaction between the FDIC-R and Chase shows that the issue is not subject to dismissal under Rule 12(b)(1) or (6).

Regarding the second element, the issue of whether the law is "controlling," the Court finds that the law presented by Chase is not controlling, given this Court's citation of the case law in its opinion.

Although as to the third element, the Court agrees there may be ground for "difference of opinion", but the Court finds that such a difference is not substantial and could be raised in a later appeal from this Court's final order. The issue is not difficult and is not of first impression. Although there may be a difference of opinion within the circuit, the Court finds the two opinions

cited by Chase within this district, *Shnell v. Washington Mut. Bank,* 2009 WL 464908 (E.D. Mich. 2009) and in the Michigan Court of Appeals, *Winiemko v. GE Capital Mortgage Serv., Inc.,* 1997 WL 3354482 (Mich. App. Jan. 17, 1997), are not controlling.  This Court addressed both cases in its August 4 and October 7, 2011 opinions, finding that these cases were not applicable.  It is noted that the issue before the Court is not whether the FDIC-R requires an assignment under FIRREA, but whether the FDIC-R is required to follow the Michigan statute's requirement that a foreclosing entity must first *record* its interest prior to foreclosing a property.  Chase has not presented a controlling case within the Sixth Circuit clearly to the contrary.

Finally, the Court finds that an immediate appeal will not materially advance the litigation. Chase has not met the elements required to file an interlocutory appeal in this case.

Accordingly,

IT IS ORDERED that Defendant's Renewed Motion to Certify Order for Interlocutory Appeal and for a Stay of Proceedings **(Doc. No. 22, filed 11/16/1011)** is DENIED.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3